RE: DUAL OFFICE HOLDING
ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOU ON HIS BEHALF REGARDING YOUR FOLLOW-UP COMMUNICATION ON DECEMBER 7, 1988, CONCERNING DUAL OFFICE HOLDING, AS STATE LAWS WOULD APPLY TO A SITUATION INVOLVING A PERSON EMPLOYED AS AN EMPLOYEE OF A MUNICIPALITY AND AT THE SAME TIME SERVING AS A MEMBER OF THE GOVERNING BOARD OF THE SCHOOL DISTRICT FOR THE LOCAL AREA. I UNDERSTAND THAT YOU HAVE RECEIVED MS. LOVING'S PREVIOUS LETTER REGARDING YOUR QUESTIONS, AND HAVE NOW IDENTIFIED THAT THE PERSON IN QUESTION IS A MUNICIPAL WATER SUPERVISOR.
UNDER THE TERMS OF 51 O.S. 6 (1987), THERE IS A GENERAL PROHIBITION AGAINST A PERSON SERVING IN TWO OR MORE "OFFICES" AT THE SAME TIME. THERE ARE A NUMBER OF EXCEPTIONS TO THIS GENERAL RULE, BUT NONE ARE GERMANE TO THE QUESTION THAT YOU HAVE PRESENTED. THE PRIMARY KEY TO ALWAYS REMEMBER IN THIS AREA IS WHETHER THE PERSON IN QUESTION IS, AT LAW, SERVING IN TWO "OFFICES", OR, WHETHER HE OR SHE IS REALLY ONLY AN "EMPLOYEE" IN ONE OF THE INSTANCES. IN THE LATTER SITUATION, THE STATUTE FORBIDDING DUAL OFFICE HOLDING IS NOT APPLICABLE.
YOU INDICATE THAT THE PERSON IN QUESTION IS A "WATER SUPERVISOR" FOR THE CITY. I DO NOT KNOW WHAT THE DUTIES AND RESPONSIBILITIES OF SUCH A POSITION ARE, BUT IT IS HIGHLY PROBABLE THAT THE POSITION IS AN "EMPLOYMENT", RATHER THAN AN "OFFICE". TO BE AN OFFICER", UNDER THE DUAL OFFICE HOLDING STATUTES, THREE ELEMENTS MUST BE PRESENT:
"1. THE POSITION MUST BE CREATED OR AUTHORIZED BY LAW;
 2. THERE MUST BE CERTAIN DEFINITE DUTIES IMPOSED BY LAW ON THE INCUMBENT; AND
 3. THE DUTIES IMPOSED UPON THE HOLDER OF THE OFFICE MUST INVOLVE THE EXERCISE OF SOME PORTION OF THE SOVEREIGN POWER OF GOVERNMENT."
OKLAHOMA CITY V. CENTURY INDEMNITY COMPANY, 62 P.2D 94 (OKLA. 1936).
IF ANY OF THE THREE ELEMENTS ARE NOT PRESENT, THE POSITION IS A MERE EMPLOYMENT, AND NOT AN OFFICE. USUALLY, IT THE LAST ELEMENT, THE USE OF SOME OF THE SOVEREIGN POWER OF GOVERNMENT, THAT IS THE DECIDING FACTOR. WITHOUT A DETAILED REVIEW OF THE DUTIES AND PREROGATIVES OF THE PERSON IN QUESTION, IT IS NOT POSSIBLE TO ADVISE AS TO WHETHER THE POSITION WITH THE CITY IS SUCH THAT IT WOULD PROHIBIT HIS OR HER CONCURRENT HOLDING OF THE OFFICE OF SCHOOL BOARD MEMBER. IT IS QUITE LIKELY THAT THE MUNICIPAL EMPLOYMENT IS JUST THAT, AN EMPLOYMENT.
ONE FINAL AREA TO REMEMBER, IN THIS REGARD, IS THE CAVEAT THAT MS. LOVING NOTED IN HER FIRST LETTER TO YOU ON THIS SUBJECT. IF THE MUNICIPALITY IN QUESTION IS A CHARTER MUNICIPALITY, IT COULD BE POSSIBLE FOR HAT CITY CHARTER TO CONTAIN A PROVISION THAT MIGHT FORBID THE TYPE OF RELATIONSHIP THAT YOU INQUIRE ABOUT. I HAVE NO POWER TO INDEPENDENTLY REVIEW THE TERMS OF A MUNICIPAL CHARTER UNDER THE RESTRICTIONS PLACED ON THIS OFFICE BY 74 O.S. 18B. I SUGGEST, THEREFORE, THAT THE PERSON IN QUESTION SEEK PRIVATE REVIEW OF THE CHARTER OF THE CITY IN QUESTION, IF SUCH A CHARTER EXISTS, AS TO THIS AREA OF CONCERN.
(MICHAEL SCOTT FERN)